Good morning, Your Honors. May it please the Court, Anthony Bornstein, on behalf of the petitioner, Mr. De-Jesus. Your Honors, the habeas writ should issue on the charge and conviction of delivery of methamphetamine because Mr. De-Jesus received ineffective assistance of counsel when his trial counsel failed to object to a critically important and constitutionally flawed jury instruction on the elements of the charge. It would be helpful to me if you could tell me exactly what is wrong with this instruction. It's very, very confusing, that much I can tell you, but other than that, what's wrong with it? What's flawed about it is by defining the crime of delivery as it did and saying that the crime is, in effect, elevated from simple possession to possession with intent to deliver, as long as these examples, these factual pieces are in the trial, have been shown by the state, then the defendant is effectively guilty of the completed crime. Let me go through it. First, it says, thus, under Oregon law, possession with intent to deliver constitutes delivery, even when no actual transfer is shown. That seems extraordinary to me, but that's not what you're complaining about. I'm not complaining that Oregon, in that it does not have a possession with intent to deliver crime as such, elevates possession to the offense of completed delivery if certain attributes are shown. So, therefore, the rest of, and then it says, additionally, an attempt to transfer from one person to another is a delivery. That's something different than the earlier sentence? I'm sorry, Your Honor? Than the earlier sentence? So, if I could frame it this way, the examples that the court provides instruct the jury that as long as these facts are present, then the state has proven its case. No, it only says that it's proven that it's a substantial step. And that's a critical element of the charge. But it's not everything, because it also has to intentionally engage in that conduct. So, it's not about intent. See, that's why this instruction is different from the one in the, is it the Boyd case? Right, because this one doesn't say, this one only says that these examples are examples of a substantial step. They're not examples of an attempt to transfer. Well, first of all, Boyd was not even a jury trial. There was no instruction. It was a court trial. Right, but in terms of, well, there was one in which there was an instruction, but it was a different instruction. Sandstrom, maybe? I'm sorry, Your Honor? Sandstrom? Not Sandstrom. No, not Sandstrom. I'm talking about one of the Oregon cases. Oh. Anyway, go ahead. So, but this doesn't say that if you prove this, maybe this doesn't matter, but it doesn't say that if you prove this, you've proven an attempt to transfer. Well, there's two additional elements that elevate a simple possession to the completed crime of delivery. The person has to have the intent to take the substantial step to deliver the drugs and has to actually take a substantial step. Well, that happened here. I mean, I guess my question is, what difference did any of this make in terms of a harmless error analysis? There was a lot of evidence that your client was working on selling the methamphetamine that he stole. He stole big bags and then made them into little bags and so on and so forth. So I'd like you to talk to me about prejudice. First of all, on prejudice, the harm is taking that factual issue away from the jury. It deprived the defendant of his defense on whether he had the intent to deliver. Okay, that doesn't answer my question. How could the result have been different no matter what the instruction said? If it was exactly, precisely what you wanted it to be, how would the result have been any different here? The result, I would say that this Court confidence in the verdict is undermined for this reason. The defendant had these drugs in a safe. There were baggies. That's the extent of the evidence. Well, that isn't entirely. I mean, you sort of walked away from what I thought was the evidence that when he stole the drugs, they were in a bigger container and then they had been presumably by him or with his acquiescence made into little saleable packets. Am I misremembering the evidence? The evidence were that there was more baggies than the original theft of them from the victim. But doesn't that indicate that he had repackaged, he had weighted and repackaged the evidence? That's one conclusion the jury could draw, but the evidence was not overwhelming. The state even claimed— and that they had been in a different stage than when he first obtained them. And there were numerous small baggies, et cetera. Isn't that substantial evidence regardless of the instruction? I disagree, Your Honor, that there was evidence about reweighing those packages. They found certain items that were in addition to what was stolen from the victim of the robbery. This goes back to my problem with what you're complaining about, about the instruction. Because the instruction, the examples are not examples that go to intent. They go to what's a substantial step, right? They go to both, but a substantial step, definitely. No, they don't go to both. They absolutely don't go to both. Because examples of substantial step include. And the sentence before it says, you have to intentionally engage in contact what constitutes a substantial step. So the intent is out of the examples. Well, if it effectively directs a verdict of guilt on substantial step. I know, but the substantial step isn't really what— if you then hook that back to the conversation we were just having about harmlessness, there might be some debate about what he intended to do with these— this amount that has now been put in little baggies. But the fact that there were, in fact, these little baggies that he, in fact, possessed, because it was in his safe, a large amount of a controlled substance, not for personal use, but consistent with trafficking, is really not debatable. What might be debatable is what he meant to do with it, but that's not part of the example. Well, the fact that there was what could be considered a large amount of drugs does not constitute overwhelming evidence. The police—the state has been called a police officer— Overwhelming evidence of what? Overwhelming evidence of what? Of a substantial step toward delivery. Well, it's an objective substantial step. The question is, what did he mean—did he mean to do it? And that's not in the example. Well, both elements need to be proven. The state needs to prove intent as well. But I think Judge Berzon's point is that the instructions already told the jury that it was their job to find whether or not your client had that intent. And that's a correct statement of law. Well, I would agree that the more substantial Sandstrom error, the more substantial Winship error, is in effectively directing a verdict on substantial step. The judge—and contrary to what the state says in its brief on page 18, that these examples can lead to a finding of substantial step—the judge says they are. But that's why you run into a harmless error problem. Because the question is, could any reasonable jury have not found that he did possess a large amount of a controlled substance consistent with trafficking? Whether he actually meant to traffic is a different question. But there was the stuff. I mean, what was there to debate about? The jury could still find that he possessed them without the intent to transfer or that he had taken— But that's about intent. And there's nothing about intent that is supposedly directed. It just says a person has to intentionally engage in conduct that constitutes a substantial step. And that's a correct statement of law. It doesn't direct anything. So intent is never, in your words, directed here. I think that's the problem. Again, I think that the greater problem is with the effective directed verdict on substantial step. And the state even had to call an officer and emphasize his 15 years of experience and the state's words that this was a larger amount than a typical user would use. If that's the state's proof, that's not overwhelming. Thank you, Counselor. You've used your time, but we asked a lot of questions. So you may have a minute for rebuttal. We'll hear from the government. May it please the Court, Counsel Greg Rios on behalf of Superintendent Primo. The issue in this case is whether all reasonable counsel would have looked at the delivery definition instruction in this case and concluded that, like Sandstrom v. Montana, it directed a conclusive presumption on an element of the case. And taking a look at it. Well, it probably does with regard to substantial step, doesn't it? No, Your Honor. And I think it is useful to look at the two sentences separately because with regard to the sentence that says examples of a substantial step include but are not limited to possession of a large amount of a controlled substance for personal use but consistent with trafficking. So that had been recently discussed in a case called State v. Schwab a month before criminal trial. Now, the constitutional question was not the precise question in that case, but what the Court of Appeals did say is language that was virtually identical to that language was a correct statement of law. And if something is a correct statement of law, it's almost as if the legislature had defined it as a definition of a substantial step. Well, it's a correct statement of law, but if the jury finds it. But the question is whether the jury has to be allowed to find it. Well, two things. First, if something is correct as a matter of law, then it wouldn't be a factual finding the jury would need to make. It would simply be as a matter of law, this is a substantial step. I mean, the jury doesn't have to find whether he did possess it and whether there was a large amount of a controlled substance for personal use, et cetera? Doesn't the jury have to find all that? Well, that would be my second point. The first point would be, as a legal matter, the legislature or a court construing a statute can certainly define something as a legal matter, and then it's not a factual finding. They can direct that. I'm not really sure I understand why it's directed. They're told what a substantial step means, but it doesn't say, and there is one, because it doesn't say whether the amount was large or small in this case, or whether it's consistent or inconsistent. That still had to be proved. Well, and so that was going to be my second point that you made. It's still, there is still room for juror discretion to find facts, even if you look at this as a factual determination. As you said, the jury has to find if it is a large amount or if it's consistent with personal use or trafficking. So there are facts for the jury to find within that sentence. And the same is true of the second sentence. For the second sentence, there are even more reasons a reasonable counsel could decide that that was not objectionable in the context of the case, because the second sentence are not even items that are involved in this case, except for perhaps arguably the items associated with drug trafficking. So perhaps that could apply to the baggies, but that's not a directed factual finding, because a jury would have to consider that term and would have to look at the evidence and determine whether those baggies were or were not items associated with drug trafficking. But other things like razor blades, scales, or large sums of money were not even evidence in the case. So even if those were a directed factual finding, which I don't think they are, because the jury would still need to determine whether those razor blades, those scales, or large sums of money were items, but for that reason that these things don't even involve evidence in the case. Well, what's being directed, although I don't think it's relevant to this case particularly, is that these things are substantial steps. Presumably a jury, what's a substantial step could be a fact finding that the jury would have to make. So maybe a jury would think, well, this person had a large amount of a controlled substance that was consistent with tracking, but we don't think that's a substantial step. It's not close enough to the actual crime. I would agree with that and would just point out that that still leaves the jury. Well, no, it doesn't, because it says examples of substantial step include. So they are being told that if you find that he had a possession of a large amount of controlled substance, not for personal use, but consistent instead with trafficking, then you have to find that that's a substantial step. You can't find it's not a substantial step. Right, but you would still need to find those facts as if you still need to determine whether those were in fact for personal use or were. Well, I understand that. I'm just saying that there is something that is being directed that I think is a fact and not a legal question, but I'm not sure about that. I mean, what constitutes a substantial step? And I would agree there is some degree of direction there. However, I would think that a reasonable counsel could conclude that it wasn't unconstitutional or a conclusive presumption like the instruction in Sandstrom. Why? Because it's. . . You know, a better argument is just harmless here, but leaving that aside, why isn't it a reasonable direction as to what constitutes a substantial step? Because those are examples that in and of. . . So, to use an example of a case that opposing counsel cited where the trial court said a flare gun is a firearm and that. . . It's the same. It's the same. Possession of a large amount of controlled substance, not for personal use, but inconsistent, is a substantial step. It's exactly parallel. I would differ just to say that I still think there is room in there for jurors to determine, okay, we have a large amount of drugs here. Is this a large amount of drugs because this person uses a lot of drugs? Or is this a large amount of drugs because this person intends to sell some of those drugs? That's a factual finding that the jury needs to make. That's not a directed. . . It's a directed verdict on what's a substantial step. Well, I think we can maybe agree to disagree here and put it in the context of what all reasonable counsel would think because this isn't about whether this instruction violates due process. It's whether all reasonable counsel would have come to that conclusion. And additionally, that the harmless error issue is one that goes to prejudice, but would also go to performance because if there was no use in objecting to this instruction when you're trying a case that involves other serious offenses and an objection would be futile in the sense that it wouldn't make a difference in the jury's verdict, then that's also another reason that it's not. Now, assuming that the lawyer in the case fails the first prong of Strickland, would you address whether there would be a reasonable probability that you would have had a different result? No, there would not, Your Honor, because for two reasons. The first being that there was overwhelming evidence of trafficking in. . . There were, I believe, six bags that had small amounts, .30 user amounts of methamphetamine, and you had larger bags that had much larger amounts. And given the way that they were packaged and the large amount of drugs and the fact that this instruction, no one's saying it's not a correct statement of law. That's undisputed. The State could have argued the very thing that was said in the instruction. So it's not, and we're not looking at structural error here. A direct, a conclusive presumption is not structural error, and we have to examine Strickland prejudice, which is whether there's a reasonable probability. Well, your adversary is of the view that the evidence is pretty thin. You said the evidence is overwhelming. Is that just opinion, or how do we sort that out? Well, I think it's, I don't know how much more evidence you could have of this kind of delivery than that. I mean, maybe you could have other, you know, sometimes you see drug pay books and, you know, scales and things of that nature. But besides that, this is about, I mean, this is garden variety evidence of a delivery. And it's not as if the giving of this instruction would have overwhelmed the jury's ability to take a look at the evidence and come to its own conclusion about it. And, again, this is Strickland prejudice, which is we're looking at whether the deficiency would have undermined the faith in the verdict, which it would not here given that the jury was correctly constructed on the law and the evidence supported it. We'd ask that you affirm the district court's denial of habeas relief. Thank you. Thank you. Ann, you have some rebuttal time. Thank you. Again, Your Honor, on the issue of prejudice, I'd ask you to look at ER 204-06, which is the prosecutor's summation. The prosecutor emphasized that he called a police officer who testified in the officer's 15 years of experience that these were more drugs than a typical user would possess. If that kind of evidence is necessary with that kind of officer's expertise, then the evidence was not overwhelming. Well, I don't know about that. I think there's, in a drug case, there's ordinarily expert testimony, provided that it is not testimony of the guilt of the defendant. The question is whether it's consistent with the officer's experience, which it seems to me is pretty close to what you've said. That is, you present the facts, then you have an expert to come in and say, I've done this for 15 years, this is consistent with. And consistent with is not overwhelming. The terms are definitely not interchangeable. I don't understand why that matters because the finds, suppose there isn't an overwhelming finding that it was a large amount.  And he put it into little precisely measured baggies of the kind that are sold. So maybe there was not a lot of it, but it's set up to be sold. And there was enough evidence from which a jury on a sufficiency test could find guilt beyond a reasonable doubt. But what the instruction does. But the instructions only applies if there is a large amount. If they find it isn't a large amount, which nobody stopped them from doing, they still could have found a substantial step. They would have found a substantial step anyway. Well, what the instruction does is it took the element of substantial step. No, it didn't, because they had to find it was a large amount. You're saying, well, there wasn't a lot of evidence that there wasn't a large amount. Fine. That may be the case, and therefore they wouldn't find this example. But there still was pretty overwhelming evidence that this was set up to be trafficked. The way it was, you know, divided into little bags of a certain weight, of the weight that is usually sold and so on, even if it's a small amount. And I would submit the baggies were part of that mandatory presumption, because if you look at the final five words of the instruction, after going through other items that constitute a substantial step, like razor blades and a lot of money, he says, or things of those types. Okay. The case just argued is submitted, and we appreciate very much the arguments from both of you. Thank you, Your Honor. Just for planning purposes, after the next argument, we will take a break. And the next argument is McGarvey v. Salmonson.
judges: Graber, Berzon, Robreno